UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LUIS P.M., | Case No. 26-CV-0970 (PJS/DJF) |
| Petitioner, | |
| v. | ORDER |
| PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, | |
| Respondents. | |

Lindsey A. Davis, ZELLE LLP, for petitioner.

Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Luis P.M.'s petition for a writ of habeas corpus.[1]  Luis, a citizen of Ecuador, entered the United States without inspection in January 2024.  V. Pet. ¶ 12; Voss Decl. Ex. A.  Immigration and Customs Enforcement ("ICE") agents arrested Luis outside his home on February 2, 2026.  V. Pet. ¶ 15.  Luis

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by first name and last initials.

alleges that he was arrested without a warrant, *id.* ¶ 51, and respondents offer no evidence to the contrary.

Respondents take the position that Luis is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a).  This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States.  *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States after entering without inspection.  This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them.  *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

Respondents concede that this case is not meaningfully distinguishable from cases such as *Santos M.C.* and instead argue that those cases are wrongly decided. Respondents' argument has some force.  *See Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (adopting the government's reading of

§ 1225(b)(2)).  But the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Luis, who entered without inspection and are already present and living in the United States.[2]

As to remedy:  Respondents contend that, because Luis is in removal proceedings, a bond hearing under § 1226(a), rather than release, is the appropriate remedy.  The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), however, that an arrest warrant is a prerequisite to detention under § 1226(a).  *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)).  "If the alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered."  *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (quoting § 1226(a)).  The Court will therefore grant Luis's petition and order his release.

Finally, respondents ask that the Court not require that any foreign-issued documents be returned to Luis.  Respondents cite a January 2023 ICE policy permitting ICE to retain certain government-issued documents of noncitizens in removal

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal.

proceedings. Voss Decl. Ex. B. Luis agrees that removal proceedings have been initiated against him, ECF No. 6 at 2 & n.2, but does not address the document-retention policy. The Court will therefore not order that any foreign-issued documents be returned to Luis at this time, but will order that, if respondents intend to retain any documents pursuant to the policy, they must comply with the provision that requires them to provide Luis with certified copies of any documents they retain with a notation that ICE is in possession of the original. Voss Decl. Ex. B ¶ 2.2. Further, the Court notes that Luis may, personally or through counsel, request that any retained documents be returned. *Id.* ¶ 5.2.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2. The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

3. If petitioner is in Minnesota, respondents must immediately release petitioner from custody. If petitioner is not in Minnesota, respondents must first return petitioner to Minnesota and then immediately release him from custody.

4. If respondents retain any of petitioner's documents, they must provide petitioner with a certified copy of each retained document with a notation that Immigration and Customs Enforcement is in possession of the original.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 7, 2026                     /s/ Patrick J. Schiltz
                                            Patrick J. Schiltz, Chief Judge
                                            United States District Court